# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD MILLER, | : | CIVIL ACTION NO. 1:12-CV-2180 |
| Plaintiff | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Blewitt) |
| COUNSELOR KELLNER, et al. | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

FILED
SCRANTON
NOV 3 0 2012
Per_____
DEPUTY CLERK

### I. Background.

On November 1, 2012, Plaintiff Howard Miller, an inmate at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), Frackville, PA, filed, pro se, this instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed a Motion to Proceed in forma pauperis. (Doc. 2). Plaintiff named as his two Defendants Counselor Kellner and Security Lt. Yackel, and he raised an Eighth Amendment failure to protect claim against them arising in July 2012 at SCI-Mahanoy.

Additionally, Plaintiff filed a Motion to Appoint Counsel (Doc. 4) and a proposed Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order (Doc. 5). The Clerk of Court docketed Plaintiff's Doc. 5 proposed Order to Show Cause as a Motion for a Preliminary Injunction and a Temporary Restraining Order.

In his Complaint, Plaintiff raises Eighth Amendment failure to protect claims against Defendants Kellner, Plaintiff's counselor at SCI-Mahanoy, and against SCI-Mahanoy Security Lieutenant Yackel.

Specifically, Plaintiff alleges that on July 6, 2012, he told Defendant Kellner about his fears regarding his safety in general population at SCI-Mahanoy and told Kellner about his being assaulted several times from gang related relatives of the victim in his seemingly criminal case. Plaintiff seems to have requested that Defendant Kellner have him removed from general population and placed in protective custody. Plaintiff avers that Defendant Kellner dismissed him as being a liar and then e-mailed the SCI-Mahanoy security office essentially indicating that Plaintiff did not require protection.

Plaintiff alleges that on July 7, 2012, he asked to be interviewed by Defendant Yackel about his safety concerns and seemingly about his request to be placed in protective custody. Plaintiff states that after Defendant Yackel read the e-mail from Defendant Kellner, Yackel was not interested in his safety and refused to order protection for Plaintiff based on the content of Kellner's e-mail. Plaintiff also alleges that Defendant Yackel failed to follow the security requirements of SCI-Mahanoy.

Plaintiff further alleges that he identified an inmate with several weapons as a possible threat to his safety to an unnamed Deputy at SCI-Mahanoy, and that the Deputy did not acknowledge the threat based on Kellner's e-mail. As a result, Plaintiff indicates that he had to isolate himself in his housing unit. (Doc. 1, p. 2).

As relief, Plaintiff requests compensatory and punitive damages against Defendants. (Doc 1, p. 3). Plaintiff does not indicate if he sues Defendants for damages in their official and/or

individual capacities.[1] Plaintiff also requests that the Court direct Defendants to remove him from the "unsafe environment and return [him] to [his] initial status." We construe this request as seeking injunctive relief for the Court to order Defendants to remove Plaintiff from the general population and to place him in protective custody.

In his Doc. 5 filing, *i.e.* the proposed injunction order, Plaintiff states that prison officials have been issuing misconducts against him for refusing to go back into the general population and have refused to grant him protective custody. Plaintiff seeks the Court to order Defendants to stop issuing him misconducts and to grant him protective custody.

On November 13, 2012, Plaintiff sent a letter to the Court in which he repeated his allegation that prison officials force him back into the general population despite his showing the officials a foreseeable threat against him. (Doc. 8). Plaintiff also states that as retaliation prison officials "continue to force [him] into a[n] unsafe environment [*i.e.* general population] knowing [he] will be assaulted." Plaintiff further indicates that prison officials are issuing him misconducts for refusing to go into the general population.

We have screened Plaintiff's Complaint as required by the PLRA, and found that it sufficiently stated failure to protect claims against both named Defendants. In *Glazewski v.*

---

[1] Plaintiff cannot seek compensatory damages from the state actor Defendants in their official capacities. To the extent that Plaintiff seeks monetary damages from Defendants, both compensatory and punitive damages, he can only sue the state actor Defendants in their individual or personal capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential).

*Corzine*, 385 Fed.Appx. 83, 88 (3d Cir. 2010), the Court stated:

> To establish a failure to protect claim, an inmate must demonstrate that:
>
> (1) he is "incarcerated under conditions posing a substantial risk of serious harm;" and (2) the prison official acted with "deliberate indifference" to his health and safety. *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. "[T]he official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir.2001).

*See also Smith v. Donate*, 2012 WL 3537017,*9-*10 (M.D. Pa. June 15, 2012) adopted by 2012 WL3537008 (M.D. Pa. Aug. 15, 2012).

Plaintiff has alleged that both Defendants were aware of a substantial risk of serious harm to him if he was not removed from the general population and placed in protective custody, that he was assaulted several times in the past and, that despite this knowledge decided not to place him in protective custody.

Thus, on November 15, 2012, we issued an Order and granted Plaintiff's *in forma pauperis* Motion and, we directed service of Plaintiff's Complaint on the two Defendants. (Doc. 9).

As stated, Plaintiff also filed a Motion for Appointment of Counsel. (Doc. 4). On November 16, 2012, we issued an Order and denied Plaintiff's Motion for Appointment of Counsel. (Doc. 11).

On November 23, 2012, Plaintiff filed a document entitled Amended Complaint. (Doc. 12). Plaintiff names two entirely new Defendants in his Amended Complaint, namely, Brenda Tritt, Deputy at SCI-Mahanoy and Christa Tobias, Unit Manager at SCI-Mahanoy. Plaintiff's original Complaint has not yet been served on the two initial Defendants Counselor Kellner and

4

Security Lt. Yackel. Plaintiff also attached Exhibits to his Amended Complaint. It appears that after Plaintiff filed his original Complaint, he discovered the names of his two new Defendants and then filed his Amended Complaint.

We now screen Plaintiff's Amended Complaint. We also consider Plaintiff's proposed Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order. (**Doc. 5**).

## II. Discussion.

As stated, the Clerk of Court docketed Plaintiff's Doc. 5 proposed Order to Show Cause as a Motion for a Preliminary Injunction and a Temporary Restraining Order. Plaintiff failed to timely file a support brief with respect to his Doc. 5 Motion and Plaintiff did not request an extension of time to file his brief. Thus, we will deem Plaintiff's Doc. 5 Motion as withdrawn pursuant to Rule 7.5, M.D. Pa., based on Plaintiff's failure to file a support brief.[2] *See Salkeld v. Tennis*, 2007 WL 2682994, *1 (3d Cir. 2007)(Non-Precedential) (Third Circuit Court found no error with District Court's decision of deeming Plaintiff inmate's motion as withdrawn for failure to comply with M.D. Pa. Local Rule 7.5 requiring the timely filing of a supporting brief).

As mentioned, Plaintiff's original Complaint has not yet been served on the two initial Defendants Counselor Kellner and Security Lt. Yackel, and Plaintiff filed an Amended Complaint against two new Defendants. Under Rule 15(a), Plaintiff was not required to seek leave of Court to amend his pleading. However, we find that Plaintiff's Amended Complaint is not a complete pleading, does not mention the two original Defendants and, fails to state a

---

[2]Plaintiff was provided with a copy of the pertinent Local rules of this Court. (Doc. 7).

5

constitutional claim against the two new Defendants. As such, we will vacate our November 15, 2012 Order directing service of Plaintiff's original Complaint on Defendants Counselor Kellner and Security Lt. Yackel, and we will direct Plaintiff to file one complete Second Amended Complaint against all four of his Defendants.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and, (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[3] See also *Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. See, e.g., *Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case, and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the

---

[3]Plaintiff alleges in his both of his pleadings that the four individual Defendants are employees of SCI-Mahanoy. This is sufficient to show that these Defendants are state agents.

6

complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.; Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), repeated the personal involvement necessary in a § 1983 action. In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Court cited *Iqbal*:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> "Innis's allegation against Wilson also fails because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. *Spruill*, 372 F .3d at 236. Accordingly, these claims were properly dismissed."

In *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.), the Court stated:

> The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."

7

> (citing *Twombly*, 550 U.S. at 556 n. 3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

See *Sims v. Piazza*, 2009 WL 3147800, *5 (M.D. Pa.)("Legal conclusions without factual support are not entitled to the assumption of truth.")(citation omitted).

In light of the aforementioned requirements of both § 1983 and *Iqbal*, we find that Plaintiff's Amended Complaint lacks sufficient allegations as to all four Defendants and what these Defendants personally did to violate any of Plaintiff's constitutional rights. Plaintiff's Statement of Claim in his Amended Complaint merely avers as follows:

> 1. Christa Tobias showed proof of a substantial risk by inmates, in every grievance response in reference to my safety complaint, and yet failed to protect me.
> 2. Brenda Tritt, I personally identified one of my assailants to and yet failed to protect me.

(Doc. 12, p. 2).

Plaintiff is construed as raising Eighth Amendment failure to protect claims as against all four of his Defendants. See *Glazewski v. Corzine*, 385 Fed.Appx. 83, 88 (3d Cir. 2010). It is clear from reading Plaintiff's Statement of Claim in his Amended Complaint that it is not a complete pleading and that he does not once refer to either of his two original Defendants. Plaintiff also fails to sufficiently state how his two new Defendants were personally involved in his constitutional claims. Therefore, Plaintiff has failed to sufficiently file a complete Amended Complaint in accordance with 42 U.S.C. § 1983 against his four Defendants.

*Pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in civil rights cases,[4] a civil rights complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the compliant is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986). A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials. Also, a civil rights pleading must include factual allegations to support the constitutional claims raised in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 1953 (2009).

Under even the most liberal construction, Plaintiff's Amended Complaint is in clear violation of Rule 8. It does not give the four Defendants fair notice of what Plaintiff's claims

---

[4]In *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993), the United States Supreme Court held that it was improper to apply heightened pleading standards to § 1983 actions. The Court noted that a § 1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id* at 167.

against them are and the grounds upon which his claims rest. Even taking into account the fact that Plaintiff is proceeding *pro se*, his Amended Complaint is still not in conformity with Rule 8 of the Federal Rules of Civil Procedure. It certainly does not set forth in brief, concise, and understandable terms the personal conduct of each Defendant about which Plaintiff is complaining.

Accordingly, Plaintiff will be directed to file a Second Amended Complaint. Plaintiff is also reminded that his "[second] amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must establish the existence of actions by the Defendants which have resulted in constitutional deprivations. *E.g, Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976). It should specify which actions are alleged as to which Defendants. Plaintiff 's Second Amended Complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure. *See*, Fed.R.Civ.P. 8(e)(1). If Plaintiff fails, within the applicable time period, to file his Second Amended Complaint adhering to the standards set forth above, it will be recommended that his action be dismissed.

## III. Conclusion.

Based on the foregoing, Plaintiff's Motion for a Preliminary Injunction and a Temporary Restraining Order **(Doc. 5)** will be deemed withdrawn. Further, our on November 15, 2012 Order granting Plaintiff's *in forma pauperis* Motion and directing service of Plaintiff's original Complaint on Defendants Kellner and Yackel (Doc. 9) will be vacated. Also, Plaintiff will be directed to file one complete Second Amended Complaint against all four of his Defendants adhering to the standards set forth above.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: November 30, 2012