# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD MILLER, | : | CIVIL ACTION NO. 1:12-CV-2180 |
| Plaintiff | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Blewitt) |
| COUNSELOR KELLNER, et al. | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

### I. Background.

On November 1, 2012, Plaintiff Howard Miller, an inmate at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), Frackville, PA, filed, pro se, this instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed a Motion to Proceed in forma pauperis. (Doc. 2). Plaintiff named as his two Defendants Counselor Kellner and Security Lt. Yackel, and he raised an Eighth Amendment failure to protect claim against them arising in July 2012 at SCI-Mahanoy.

Additionally, Plaintiff filed a Motion to Appoint Counsel (Doc. 4) and a proposed Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order (Doc. 5). The Clerk of Court docketed Plaintiff's Doc. 5 proposed Order to Show Cause as a Motion for a Preliminary Injunction and a Temporary Restraining Order.

In his original Complaint, Plaintiff raised Eighth Amendment failure to protect claims against Defendants Kellner, Plaintiff's counselor at SCI-Mahanoy, and against SCI-Mahanoy Security Lieutenant Yackel.

Specifically, Plaintiff alleged that on July 6, 2012, he told Defendant Kellner about his fears regarding his safety in general population at SCI-Mahanoy and told Kellner about his being assaulted several times from gang related relatives of the victim in his seemingly criminal case. Plaintiff requested Defendant Kellner to have him removed from general population and placed in protective custody. Plaintiff averred that Defendant Kellner dismissed him as being a liar and then e-mailed the SCI-Mahanoy security office essentially indicating that Plaintiff did not require protection.

Plaintiff alleged that on July 7, 2012, he asked to be interviewed by Defendant Yackel about his safety concerns and seemingly about his request to be placed in protective custody. Plaintiff stated that after Defendant Yackel read the e-mail from Defendant Kellner, Yackel was not interested in his safety and refused to order protection for Plaintiff based on the content of Kellner's e-mail. Plaintiff also alleged that Defendant Yackel failed to follow the security requirements of SCI-Mahanoy.

Plaintiff further alleged that he identified an inmate with several weapons as a possible threat to his safety to an unnamed Deputy at SCI-Mahanoy, and that the Deputy did not acknowledge the threat based on Kellner's e-mail. As a result, Plaintiff indicated that he had to isolate himself in his housing unit. (Doc. 1, p. 2).

As relief in his original Complaint, Plaintiff requested compensatory and punitive damages against Defendants. (Doc 1, p. 3). Plaintiff did not indicate if he sued Defendants for damages in their official and/or individual capacities. Plaintiff also requested that the Court direct Defendants to remove him from the "unsafe environment and return [him] to [his] initial

status." We construed this request as seeking injunctive relief for the Court to order Defendants to remove Plaintiff from the general population and to place him in protective custody.

In his Doc. 5 filing, *i.e.*, the proposed injunction order, Plaintiff stated that prison officials have been issuing misconducts against him for refusing to go back into the general population and have refused to grant him protective custody. Plaintiff sought the Court to order Defendants to stop issuing him misconducts and to grant him protective custody.

On November 13, 2012, Plaintiff sent a letter to the Court in which he repeated his allegation that prison officials forced him back into the general population despite his showing the officials a foreseeable threat against him. (Doc. 8). Plaintiff also stated that as retaliation prison officials "continue to force [him] into a[n] unsafe environment [*i.e.* general population] knowing [he] will be assaulted." Plaintiff further indicated that prison officials were issuing him misconducts for refusing to go into the general population.

We screened Plaintiff's original Complaint as required by the PLRA, and found that it sufficiently stated failure to protect claims against both named Defendants, Kellner and Yackel. See *Glazewski v. Corzine*, 385 Fed.Appx. 83, 88 (3d Cir. 2010).

Thus, on November 15, 2012, we issued an Order and granted Plaintiff's *in forma pauperis* Motion and, we directed service of Plaintiff's original Complaint on the two stated Defendants. (Doc. 9).

On November 23, 2012, Plaintiff filed a document entitled Amended Complaint. (Doc. 12). Plaintiff named two entirely new Defendants in his Amended Complaint, namely, Brenda Tritt, Deputy at SCI-Mahanoy and Christa Tobias, Unit Manager at SCI-Mahanoy. Plaintiff's

3

original Complaint was not yet served on the two initial Defendants, Counselor Kellner and Security Lt. Yackel. Plaintiff also attached Exhibits to his Amended Complaint. It appeared that after Plaintiff filed his original Complaint, he discovered the names of his two new Defendants and then filed his Amended Complaint.

We then screened Plaintiff's Amended Complaint as required by the PLRA. We also considered Plaintiff's proposed Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order. (Doc. 5). We found that Plaintiff's Amended Complaint was not a complete pleading, it did not mention the two original Defendants and, it failed to state a constitutional claim against the two new Defendants.

Thus, on November 30, 2012, we issued a Memorandum and Order.[1] (Doc. 15). In our Order, we directed, in part, as follows:

1. Plaintiff's Motion for a Preliminary Injunction and a Temporary Restraining Order **(Doc. 5) is deemed Withdrawn.**[2]

2. The Court's November 15, 2012 Order granting Plaintiff's *in forma pauperis* Motion and directing service of Plaintiff's original Complaint on Defendants Kellner and Yackel **(Doc. 9) is Vacated.**

3. Plaintiff Miller shall file a Second Amended Complaint within **ten (10) days** of the

---

[1] *See* 2012 WL 6012781 (M.D. Pa. Nov. 30, 2012).

[2] As stated, Plaintiff's Doc. 5 filing was not actually a Motion, rather it was a proposed order for injunctive relief. Regardless, Plaintiff did not file a proper injunction motion or a support brief. Also, Plaintiff was provided with a copy of the pertinent Local rules of this Court. (Doc. 7).

4

date of this Order.

    4. Plaintiff's Second Amended Complaint shall properly allege a claim under 42 U.S.C. § 1983, as discussed above, against all four of his Defendants.

(Doc. 15).

On December 10, 2012, Plaintiff filed his Second Amended Complaint and he named all four of his Defendants, Kellner, Yackel, Tobias and Tritt. (Doc. 18). Plaintiff attached to his Second Amended Complaint a proposed Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order (Doc. 18-1). Plaintiff did not file an Injunction Motion or a support brief.

On December 11, 2012, Plaintiff sent a letter addressed to the Clerk of Court asking to immediate relief regarding his claim that unnamed prison officials at SCI-Mahanoy continually force him back into general population despite advising them of his fears and concerns about being assaulted there. Plaintiff also seemed to state that the unnamed officials either issueed misconduct reports against him or threatened to if he refused to return to general population. (Doc. 19).

We then screen Plaintiff's Second Amended Complaint as required under PLRA. We issued an R&R on December 14, 2012, and recommended that the Court:

    1. **DISMISS WITH PREJUDICE** Plaintiff's requests for money damages against the four (4) state actor Defendants in their official capacities;

    2. **DISMISS WITH PREJUDICE** Plaintiff's claims against Defendant Tobias;

    3. **ALLOW TO PROCEED** Plaintiff's Eighth Amendment failure to protect claims against

Defendants Yackel, Kellner and Tritt; and

    4. **REMAND THIS CASE** to the undersigned for further proceedings, including granting Plaintiff's *in forma pauperis* Motion and directing service of his Second Amended Complaint on Defendants Yackel, Kellner and Tritt.

(Doc. 20).

On January 15, 2013, the Court issued an Order and adopted of Doc. 22 R&R. (Doc. 25).

On January 17, 2013, we then issued an Order granting Plaintiff's *in forma pauperis* Motion and directing service of his Second Amended Complaint on Defendants Yackel, Kellner and Tritt. (Doc. 27). To date, there is no Return of Service filed as to any of the three Defendants.

## II. Discussion.

On January 11, 2013, Plaintiff filed a 2-page handwritten Motion for "Order to show Cause for [a] Preliminary Injunction and Temporary Restraining Order." **(Doc. 24).** Plaintiff attached a proposed Order to his Motion. Plaintiff did not file a support brief at the time he filed his Motion. In his Doc. 24 Motion, Plaintiff states that in July 2012, he expressed his fears to Defendants of being in the general population in the prison "after relatives of a criminal offense (sic) assaulted [him]." (*Id.*, p. 2). Plaintiff states that he needs an injunction order from the Court to make Defendants protect him by preventing Defendants from forcing him back into the general population, and to prohibit Defendants from issuing misconducts against him due to his refusals to go into the general population. Plaintiff also states that he continues to

6

refuse to "lock up" so that he will be taken out of general population and, that this results in the issuance of a misconduct reports against him and his placement in the Restrict Housing Unit.

Plaintiff states that Defendants continue to use disciplinary action against him by filing misconducts "to push [him] back into the general population for retaliation." (*Id.*). Thus, Plaintiff claims that Defendant prison officials have been issuing misconducts against him for refusing to go back into the general population and have refused to grant him protective custody. Plaintiff seeks the Court to order Defendants to stop issuing him misconducts and to grant him protective custody.

To date, Plaintiff has failed to file his brief in support of his Doc. 24 Injunction Motion and the time within which a brief was due has expired. Nor has Plaintiff requested an extension of time to fie his support brief. As noted, Plaintiff was sent a copy of the pertinent Local Rules of this Court. (Doc. 7). Additionally, Plaintiff was well aware of the Local Rule requiring support briefs since his prior Doc. 5 Injunction Motion was deemed withdrawn for no support brief. (Doc. 15). Based on the foregoing, Plaintiff's Motion for a Preliminary Injunction and a Temporary Restraining Order **(Doc. 24)** will be deemed withdrawn.

Moreover, injunctions may issue in only exceptional and extraordinary circumstances. *Parent v. Whinston*, 347 F. Supp. 471, 472 (E.D. Pa. 1972), citing *Miller v. Standard Nut Margarin Co.*, 284 U.S. 498 (1932). The grant or denial of a motion for a preliminary injunction is within the sound discretion of the district judge. *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443, citing *Eli Lilly & Co. v. Premo Pharmaceutical Laboratories, Inc.*, 630 F.2d 120, 136 (3d Cir. 1978), *cert. denied*, 449 U.S. 1014 (1980). A preliminary injunction is not granted as a matter

of right. *Id.*

The moving party must demonstrate: (1) the likelihood of success on the merits; (2) that the party will suffer irreparable harm by the denial of the injunction; (3) that granting the relief will not result in even greater harm to the other interested party; and (4) the public interest will not be adversely affected by the granting of relief. *Ecri v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987); *In Re Arthur Treacher's Franchise Litigation*, 689 F.2d 1137, 1143 (3d Cir. 1982). "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *Arthur Treacher's*, 689 F.2d at 1143.

Thus, as the Court stated in *Hartmann v. Maybee-Freud*, 279 Fed. Appx. 142, 144 (3d Cir. 2008), the Plaintiff in a civil rights action who filed a motion for preliminary injunction "was required to show that he was likely to succeed on the merits of his claims, that the denial of relief would result in irreparable harm, and that granting the injunction would not result in irreparable harm to the Defendants and was in the public interest."(citation omitted). *See also Ball v. SCI-Muncy*, 2010 WL 4352929, *4 (M.D. Pa. 10-27-10).

We find that Plaintiff has not met the above stated requirements in his Doc. 24 Injunction Motion. Plaintiff appears to request this Court to order Defendants to place him in Administrative Custody ("AC") due to his fear of being assaulted by other inmates who are "relatives of a criminal offense." In particular, Plaintiff has failed to show that he is likely to suffer irreparable harm is his Injunction Motion is not granted. *See Pabon v. U.S.P. Lewisburg Warden*, 2006 WL 485574, *3 (M.D. Pa. Feb. 28, 2006)("the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is

likely to suffer irreparable harm before a decision on the merits can be rendered.")(citation omitted).

In *Leaphart v. Palakovich*, 2011 WL 7070957, *2 (M.D. Pa. December 12, 2011), the Court stated:

> According to DOC policy DC-ADM 802, Administrative Custody is defined as "a status of confinement for non-disciplinary reasons that provides closer supervision, control, and protection than is provided in general population." DC-ADM 802, Section 3(A)(1). An inmate confined on AC status does not have the privileges available in general population security level housing, and instead, receives a more limited set of privileges afforded within the Restricted Housing Unit. *Id.* Under DOC regulations, an inmate may be transferred from general population to administrative custody by order of the shift commander for the following reasons:
>
>> a. **the inmate is in danger by/from some person(s) in the facility and cannot be protected by alternate measures;**
>>
>> b. placement in general population would endanger the inmate's safety or welfare when it is not possible to protect him/her by other means;
>>
>> c. the inmate is a danger to himself/herself or others;
>>
>> d. the inmate is suspected of being or is the instigator of a disturbance;
>>
>> e. the inmate would pose an escape risk in a less secure status;
>>
>> f. the inmate has been charged with, or is under investigation for a violation of facility rules and there is a need for increased control pending disposition of charges or completion of the investigation;
>>
>> g. **the inmate has requested and been granted self-confinement;**
>>
>> *********************************************
>
> DC-ADM 802, Section 1(A)(1).

(Emphasis added).

In the present case, Plaintiff Miller has not submitted any document indicating that he requested to be placed in Administrative Custody ("AC") pursuant to the above DOC policy or that there has been a finding that he is in danger from other inmates seemingly who are relatives of a person involved with Plaintiff's criminal offense. As stated, Plaintiff only filed his 2-page Injunction Motion, Doc. 24. Thus, Plaintiff has not demonstrated that he attempted to utilize the policy available at the prison to be placed in AC.

We also note that Plaintiff inmate has no constitutional right to any particular custody status, to any particular housing assignment or to any security classification in prison. *See Leaphart*, 2011 WL 7070957, *10 (citing *Moody v. Daggett*, 429 U.S. 78, 88, 97 S.Ct. 274 (1976)).

Further, Plaintiff must exhaust his DOC administrative remedies with respect to his new claims that Defendants are retaliating by filing misconduct reports against him to force him back into general population. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Spruill v. Gillis*, 372 F. 3d 218, 222 (3d Cir. 2004); *Jones v. Bock*, 549 U.S. 199, 215 (2007). As stated, the Court has allowed Plaintiff to proceed only with respect to his Eighth Amendment failure to protect claims against Defendants Yackel, Kellner and Tritt.

Additionally, Plaintiff has failed to state a cognizable retaliation claim against any Defendant. *See Leaphart*, 2011 WL 7070957, *11 (citing *Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002)).

## III. Conclusion.

Accordingly, we shall issue an Order that Plaintiff's January 11, 2013 Motion for an Injunction ordering Defendants to stop issuing him misconducts against him and to grant him protective custody, *i.e.*, AC, **(Doc. 24)** is **DEEMED WITHDRAWN** pursuant to Rule 7.5, M.D. Pa., based on Plaintiff's failure to file a support brief. See *Salkeld v. Tennis*, 2007 WL 2682994, * 1 (3d Cir. 2007)(Non-Precedential) (Third Circuit Court found no error with District Court's decision of deeming Plaintiff inmate's motion as withdrawn for failure to comply with M.D. Pa. Local Rule 7.5 requiring the timely filing of a supporting brief); *see also Pabaon Osvaldo v. U.S.P. Lewisburg Warden*, 2006 WL 485574, # 2, n. 4 (M.D. Pa. 2006) ("This motion [to compel discovery of Plaintiff inmate] will be deemed withdrawn pursuant to M.D. Pa. Local Rule 7.5 due to Plaintiff's failure to file a supporting brief.").

*/s/ Thomas M. Blewitt*
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: February (), 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD MILLER, | : | CIVIL ACTION NO. 1:12-CV-2180 |
| Plaintiff | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Blewitt) |
| COUNSELOR KELLNER, et al. | : | |
| Defendants | : | |

## ORDER

AND NOW, this 11th day of **February, 2013, IT IS HEREBY ORDERED THAT:**

Plaintiff's Motion for a Preliminary Injunction and a Temporary Restraining Order (**Doc. 24**) is deemed **Withdrawn.**

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: February 11, 2013